THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ANTONIO SÁNCHEZ MÉNDEZ, Defendant and Appellant.

No. 9108. Argued March 3, 1942.—Decided March 11, 1942.

Enrique Báez García for appellant. George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney, and Luis Negrón Fernández, Assistant Prosecuting Attorney, for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is an appeal from a judgment of conviction for aggravated assault and battery. The charge was that the defendant, a male adult, attacked and struck Francisca Caraballo with his fists and a piece of tube with the criminal intention of causing her bodily harm. Three errors are assigned: (1) that a variance exists between the complaint and the evidence; (2) that there was no proof of criminal intent; and (3) that the defendant acted in self-defense.

■ The alleged variance does not exist. The defendant contends that Francisca Caraballo was injured in a general fight in which she intervened on behalf of two of her sons. On the other hand, her two sons testified that the defendant struck their mother in the face with his fists. Francisca Caraballo herself testified that the defendant struck her with the tube. Counsel for the defendant has made a detailed analysis of minor discrepancies in the testimony of the witnesses for the government. The fact remains that the lower court believed their testimony, and that such testimony offered a sufficient basis for conviction.

■ In contending that a variance exists, the defendant places great stress on the statement of the district court, prior to sentence, that "the defendant is (being) a male adult . . . after having assaulted William Rivera with a

tube, grabbed the latter's mother by the head when she intervened and pushed her roughly and threw her on the ground . . . ''. We are unable to see how this statement by the court had any effect on the case. It was apparently a casual remark made in passing. The record discloses no detailed discussion or summary of the proof by the court. The testimony was sufficient to convict, and the court convicted. We can not reverse the conviction solely because of that remark. It is therefore unnecessary to determine whether *People* v. *Galarza,* 23 P.R.R. 335, as contended by the defendant, or *People* v. *Mediavilla,* 54 P.R.R. 554, as contended by the government, is applicable to the facts of this case.

■ The second alleged error is that there was no evidence of criminal intent. A similar contention was disposed of in *People* v. *Astacio,* 23 P.R.R. 783, as follows:

"the intent to cause injury is an essential element of the offense of assault and battery; but as intent is a state of the mind, it must be deduced from the acts committed. . . To show intent it is sufficient to prove that the injury was the result of the unlawful act of the person, because the law presumes that a person intends the ordinary consequence of his voluntary act."

■ The contention that the defendant was acting in self-defense is predicated on the theory advanced by the defendant at the trial. As the court apparently did not believe the testimony of the defendant and did believe the testimony of the government, we are unable to reverse on that ground.

The judgment of the district court will be affirmed.